

Villanova University School of Law

Opinions of the United
States Court of Appeals
for the Third Circuit

2006 Decisions

1-27-2006

# USA v. Grayson

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3533

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Grayson" (2006). *2006 Decisions.* Paper 1707.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1707

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 04-3533

———————

UNITED STATES OF AMERICA

v.

ISSIAH N. GRAYSON,
                                   Appellant

———————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
D.C. Crim. 03-cr-00250-7
District Judge:  The Honorable Christopher C. Conner

———————

Submitted Under Third Circuit LAR 34.1(a)
January 9, 2006

———————

Before: BARRY and AMBRO, <u>Circuit Judges</u>, and DEBEVOISE,[*] <u>District Judge</u>

———————

(Opinion Filed: January 27, 2006)

———————

OPINION

———————

---

[*]The Honorable Dickinson R. Debevoise, Senior District Judge, United States District
Court for the District of New Jersey, sitting by designation.

BARRY, <u>Circuit Judge</u>

Appellant Issiah Grayson pled guilty to a one count Information charging him with Interstate Travel in Aid of Racketeering, in violation of 18 U.S.C. § 1952(a)(3). Based on its finding that Grayson possessed in excess of five grams of crack cocaine, the District Court determined that the base offense level was 26 and that, after a downward adjustment of two levels for acceptance of responsibility, the total offense level was 24. Although the Sentencing Guidelines imprisonment range was 100 to 125 months given Grayson's criminal history category of VI, the statutory maximum term of imprisonment was five years. The District Court sentenced Grayson to sixty months imprisonment.

Grayson challenges his sentence under *United States v. Booker*, 543 U.S. 220 (2005). In *Booker*, the Supreme Court held that mandatory enhancement of a maximum sentence under the Sentencing Guidelines based on facts neither admitted by the defendant nor found by a jury violates the Sixth Amendment. Grayson contends that his sentence violates the Sixth Amendment because there was neither a jury finding nor an admission regarding the quantity of drugs involved in his crime.

Grayson was sentenced before the Supreme Court's decision in *Booker*. In *United States v. Davis*, 407 F.3d 162 (3d Cir. 2005) (*en banc*), we concluded that defendants sentenced before *Booker* should have their sentencing challenge "remand[ed] for consideration of the appropriate sentence by the District Court in the first instance." *Id.* at 166. Thus, although we will affirm Grayson's conviction, we will vacate his sentence

2

and remand for resentencing in accordance with *Booker*.